**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| REBECCA OBUCHOWSKI,           )<br>                              )<br>     Plaintiff,              )<br>                              )<br>     v.                       )   CIV 05-03145 PHX MEA<br>                              )<br>SPRAYLAT CORPORATION,         )   MEMORANDUM AND ORDER<br>                              )<br>     Defendant.               )<br>_____)| |

All of the parties have consented to the exercise of magistrate judge jurisdiction over this case, including the entry of final judgment. Before the Court is Defendant's motion for summary judgment [Docket No. 65].

**I Procedural Background**

Plaintiff filed a suit against Defendant on April 22, 2005, alleging Defendant wrongfully denied her employment benefits and that Defendant wrongfully terminated Plaintiff's employment. Plaintiff alleged, *inter alia*, that Defendant was liable to Plaintiff for breach of contract and pursuant to her detrimental reliance on a promise made by Defendant.[1] A

---

[1] Plaintiff's claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and wrongful termination were dismissed with prejudice on October 10, 2006, and January 8, 2007, pursuant to the stipulation of the parties. See Docket No. 41. Plaintiff originally named American Express Company, the Chubb Corporation, and the Federal Insurance Company as defendants

scheduling order was issued September 12, 2006. The parties engaged in discovery and on July 5, 2007, Defendant filed a motion for judgment as a matter of law. Plaintiff filed a response to the motion on July 13, 2007, and Defendant filed a reply to the response on July 27, 2007. The Court concludes oral argument regarding Defendant's motion is not necessary to the expedient resolution of the motion.

**II Standard for granting judgment as a matter of law**

Rule 56 of the Federal Rules of Civil Procedure provides that judgment shall be entered if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file show that there is no genuine dispute regarding the material facts of the case and the moving party is entitled to a judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986). The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of any genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

The party opposing the motion may not rest upon the mere allegations or denials of their pleadings, but instead must produce some significant, probative evidence tending to contradict the moving party's allegations, thereby creating a

---

in this matter. Those defendants were dismissed without being served by notice of dismissal. See Docket No. 19.

1 genuine question of fact for resolution at trial.  <u>Anderson</u>, 477
2 U.S. at 248, 256-57; 106 S. Ct. at 2510, 2513-14.

> For purposes of deciding a motion for summary judgment, "genuine" means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party, and "material" means that the fact is one that might affect the outcome of the suit under the governing law.

<u>United States v. One Parcel of Real Prop. with Bldgs.</u>, 960 F.2d 200, 204 (1st Cir. 1992).  A fact is material if it could affect the outcome of the suit under the governing substantive law.  <u>See</u>, <u>e.g.</u>, <u>Miller v. Glenn Miller Prod., Inc.</u>, 454 F.3d 975, 987 (9th Cir. 2006).  When the Court's jurisdiction is premised on the diversity of the parties, the Court applies the substantive law of the State of Arizona.  <u>See</u>, <u>e.g.</u>, <u>Stilwell v. Smith & Nephew, Inc.</u>, 482 F.3d 1187, 1193-94 (9th Cir. 2007); <u>Medical Lab. Mgmt. Consultants v. American Broad. Cos., Inc.</u>, 306 F.3d 806, 812 (9th Cir. 2002).

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." <u>Celotex</u>, 477 U.S. at 323-24, 106 S. Ct. at 2553.  Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Id.</u>, 477 U.S. at 322, 106 S. Ct. at 2552; <u>see also</u> <u>Citadel Holding Corp. v. Roven</u>, 26 F.3d 960, 964 (9th Cir. 1994).  When determining if a plaintiff has met her burden of producing evidence regarding an element on which she will bear the burden of proof at trial, the Court may only consider

-3-

evidence which would be admissible at trial. See, e.g., Ballen v. City of Redmond, 466 F. 3d 736, 745 (9th Cir. 2006); Orr v. Bank of Amer., NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). Additionally, the evidence presented in opposition to a motion for summary judgment must be probative and properly supported. See Zoslaw v. MCA Distrib. Corp., 693 F.2d 870, 883 (9th Cir. 1982).

Because Plaintiff bears the burden of proof at trial, Defendant has no burden to negate Plaintiff's claims to prevail on a motion for summary judgment. See Celotex, 477 U.S. at 323, 106 S. Ct. at 2552- 53. A defendant moving for summary judgment does not have the burden to produce any evidence showing the absence of a genuine issue of material fact. Id. at 325, 106 S. Ct. at 2553-54. Instead, the defendant's burden, as the party seeking summary judgment, may be discharged by showing that there is an absence of evidence to support the elements of plaintiff's claims. See id. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252, 106 S. Ct. at 2512.

The Court must consider a party's motion for summary judgment construing all alleged facts with all reasonable inferences favoring the nonmoving party. See e.g., Genzler v. Longanbach, 410 F.3d 630, 636 (9th Cir.), cert. denied, 126 S. Ct. 749 (2005). In considering a motion for summary judgment, the Court must regard as true the non-moving party's evidence if

it is supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324, 106 S. Ct. at 2548; Eisenberg v. Insurance Co. of N. Am., 815 F.2d 1285, 1289 (9th Cir. 1987).

### III Statement of facts

Plaintiff filed a pleading in opposition to Defendant's motion for summary judgment and, in this pleading, referenced a separately filed statement of facts. However, no separate statement of facts appears in the civil docket in this matter. Accordingly, Plaintiff has not, as a matter of law, contradicted any factual statement made by Defendant, nor has Plaintiff asserted any additional fact in a manner admissible for purposes of summary judgment. Rule 56.1(a) of the Local Rules of Civil Procedure of the United States District Court for the District of Arizona provides that a pleading in opposition to a motion for summary judgment must include a separate statement of facts. The failure to file a separate statement of facts results in the facts asserted by the moving party being deemed admitted. See Hagelin for President Comm. of Kan. v. Graves, 25 F.3d 956, 959 (10th Cir. 1994); Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175-76 (3d Cir. 1990); Jaroma v. Massey, 873 F.2d 17, 20, 21 (1st Cir. 1989).

Plaintiff was employed by Defendant from March of 2001 through July 1, 2004. Docket No. 66 (Defendant's Statement of Facts) at 2. Plaintiff traveled from Phoenix to Arkansas on business for Defendant on April 24, 2003. Id. at 3. Upon her arrival in Arkansas, Plaintiff rented a vehicle using her business credit card. Id. Plaintiff was in a car accident

1 involving the rental car shortly after renting the vehicle. Id.
2 The other driver was at fault in the accident. Id., Exh. A.
3 Plaintiff was treated at a medical center in Arkansas
4 immediately after the accident. Id.

5  Plaintiff's medical expenses regarding the accident
6 were paid by Defendant's workers' compensation insurance. Id.
7 at 4 & Exh. A at 48. Some of Plaintiff's medical expenses were
8 covered by her personal health insurance. Id., Exh. A at 48.
9 Plaintiff's personal car insurance paid Plaintiff $100,000 upon
10 her claim regarding the Arkansas accident. Id. at 4 & Exh. A at
11 49. The driver of the other vehicle's liability insurance also
12 paid Plaintiff $100,000 upon her claim regarding the Arkansas
13 accident. Id. at 4 & Exh. A at 49.

14  Plaintiff ceased working for Defendant on or about July
15 1, 2004. Id., Exh. A. Plaintiff stated in her deposition that,
16 in 2004, she paid less than $10,000 in uncovered medical
17 expenses arising from the accident. Id., Exh. A. Plaintiff did
18 not seek to collect on a claim based on Defendant's travel
19 insurance coverage until April 22, 2005, almost exactly two
20 years after the accident, when she filed a claim in the Maricopa
21 County Superior Court. Id. at 4 & Exh. A at 43. Plaintiff
22 stated in her deposition that she did not file a claim regarding
23 the insurance policy while she was still employed by Defendant
24 because "There was still ongoing care that I was receiving for
25 the accident..." Id., Exh. A.

26  When Plaintiff began working for Defendant in 2001,
27 Plaintiff received a copy of Defendant's "Travel and
28

1  Entertainment Policy," which was dated June 26, 1998.  <u>Id.</u>  The
2  policy states:

>  Rental Car Insurance
>  Under the terms of Spraylat's corporate card program with American Express, the following benefits are available:
>  $200,000 Business Travel Accident Insurance – This automatically protects card members every time they use the Corporate Card to charge a business trip on a common carrier. Coverage is for the entire trip from the moment you leave your home or office to the moment you return up to 30 days. ...
>  Additional Travel Insurance
>  Expenses for additional travel insurance coverage will not be reimbursed by the company.

<u>Id.</u>, Exh. B.

Plaintiff received a revised corporate travel policy on March 3, 2004.  <u>Id.</u>, Exh. A.  The revised policy is substantially similar to the policy quoted *supra*, and Plaintiff averred in her deposition that she acted in reliance on the policy as quoted.  <u>Id.</u> at 2-3.

Plaintiff did not request an explanation regarding the terms of the travel policy during her employment, prior to the accident in Arkansas.  <u>Id.</u>, Exh. A at 59.  Plaintiff asserts she understood the policy to mean that she was entitled to a benefit of $200,000 based on Defendant's travel insurance policy regarding the Arkansas car accident, based on the language "accident insurance coverage for the entire trip."  <u>Id.</u>, Exh. A at 59-61.

Plaintiff asserts she is entitled to collect at least $200,000 from Defendant based on the insurance policy and that the money will be needed for future medical care for injuries

-7-

1  sustained in the accident.  Id., Exh. A.  Plaintiff stated in
2  her deposition that she has permanent injuries as a result of
3  the accident.  Id., Exh. A.   Plaintiff also averred in her
4  deposition that she has not "paid out" $200,000 to medical
5  providers for care required as a result of injuries sustained in
6  the accident.  Id., Exh. A.[2]

### IV Discussion

8  Defendant asserts they are entitled to judgment as a
9  matter of law because there is no genuinely disputed factual
10 issue for trial. Additionally, Defendant alleges Plaintiff has
11 not presented a prima facie case of breach of contract or
12 detrimental reliance.  Defendant also argues Plaintiff's breach
13 of contract claim should be dismissed because Plaintiff did not
14 comply with the relevant statute of limitations for filing suit
15 this claim.

16 Plaintiff asserts summary judgment is not warranted
17 because Defendant did promise to pay Plaintiff an employment
18 benefit, i.e., "a $200,000 business travel accident insurance
19 policy."  Docket No. 68 at 2.  Plaintiff argues "a jury could
20 determine that when Plaintiff charged an airline flight for a

---

[2] In response to Defendant's interrogatory, Plaintiff stated she was seeking
   actual damages based upon, but not limited to, the following:
   ...
   Plaintiff is entitled to payment from Defendant Spraylat,
   for the business travel accident insurance benefit.
   Plaintiff believes this amount is $200,000 to $300,000,
   based upon the information contained within Defendant
   Spraylat's business travel policy information ...
Docket No. 66, Exh. F. Plaintiff averred: "The travel accident policy provides a fixed dollar amount and no calculation is required." Id., Exh. F.

-8-

business trip on her corporate card on an airline that is a common carrier, the business travel accident insurance benefit begins at the moment that Plaintiff left her home or office ... and the coverage remains in effect until she returns home..." Id. at 2.  Plaintiff contends the statements in the employee policy manual were a promise, and that this determination is a question of fact for a jury.  Id. at 3.

Plaintiff further argues that her reasonable reliance on the travel insurance benefit in the manual was foreseeable and intended by Defendant.  Id. at 4.  Plaintiff contends she reasonably construed the statement in the policy manual as a promise of "additional travel accident insurance," and that, for that reason, Plaintiff did not purchase additional travel accident coverage.  Id. at 5.  Additionally, Plaintiff contends she suffered a detriment after relying on the promise, i.e., "Plaintiff's reliance on the promise of business travel accident insurance precluded her from purchasing similar coverage that would have provided her with a like benefit amount."  Id. at 5-6.  Plaintiff makes no argument in her pleading in opposition to Defendant's motion for summary judgment with regard to Defendant's assertion that her breach of contract claim is barred by the applicable statute of limitations.

Arizona statutes provide for a one-year statute of limitations for claims arising from an alleged breach of a written contract.  See Ariz. Rev. Stat. Ann. § 12-541(3) (2003 & Supp. 2006).  Plaintiff offers no response to Defendant's argument that her breach of contract claim is barred by the

-9-

applicable statute of limitations. Plaintiff does not dispute that the date of her accident was April 24, 2003, and Plaintiff does not dispute that the statute of limitations regarding any written contract allegedly established by the employment policies statement is other than one year. Accordingly, Plaintiff has provided no admissible evidence indicating a triable issue of material fact with regard to her breach of contract claim being barred by the statute of limitations. See 53 F.3d 1044. Therefore, Defendant is entitled to judgment as a matter of law with regard to Plaintiff's claim that Defendant is liable for a breach of contract.[3]

Count II of Plaintiff's complaint alleges a cause of action pursuant to "Detrimental Reliance--Quasi-Contract".[4] The factual predicate for Plaintiff's claim is Defendant's alleged promise to Plaintiff that she had additional travel accident coverage pursuant to the corporate American Express policy. Plaintiff also alleges, as a matter of fact, that she acted in reliance on this promise, i.e., that she did not purchase

---

[3] Additionally, it is axiomatic that, pursuant to Arizona law, an employee handbooks does not *per se* comprise a contract between the employer and employee. See Taylor v. Graham County Chamber of Commerce, 201 Ariz. 184, 194, 33 P.3d 518, 528 (Ct. App. 2001), compare Demasse v. ITT Corp., 194 Ariz. 500, 505, 984 P.2d 1138, 1143 (1999).

[4] Plaintiff's claim based on promissory estoppel is not barred by the applicable statute of limitations: "Ordinarily, the statutory period for a quasi-contractual cause of action is the same as for a cause of action based upon an oral contract... In Arizona, the statute of limitations for indebtedness not evidenced by a written contract is three years." Anonymous Wife v. Anonymous Husband, 153 Ariz. 573, 578, 739 P.2d 794, 799 (Ariz. 1987).

supplemental travel insurance, but instead relied upon the "promise of coverage of the automatic Business Travel Accident Insurance." In the context of her contract claims, Plaintiff's complaint seeks general and special damages, "including medical expenses to be proven at trial...."

Arizona courts recognize promissory estoppel as an alternative remedy to a breach of contract suit.

> However, the remedy under this theory may be more limited than damages for breach of contract. "The remedy granted ... may be limited as justice requires." Restatement § 90(1). "In particular, relief may sometimes be limited to restitution or to damages or specific relief measured by the extent of the promisee's reliance rather than by the terms of the promise." Id. at comment d.

AROK Constr. Co. v. Indian Constr. Servs., 174 Ariz. 291, 299-300, 848 P.2d 870, 878-79 (Ct. App. 1993) (adopting the Restatement (Second) of Contracts § 90(1)).

To succeed on a claim based on promissory estoppel, a plaintiff must establish that she actually relied on a promise to her detriment and she can only prevail if she shows she had a "'justifiable right to rely'" on the alleged promise. Higginbottom v. Arizona, 203 Ariz. 139, 144, 51 P.3d 972, 977 (Ct. App. 2002) (stating further that "Reliance is justified when it is reasonable, but is not justified when knowledge to the contrary exists.").

In response to the facts asserted by Defendant, Plaintiff has not set forth specific facts showing that there is a genuine issue of fact remaining for trial regarding this claim. Plaintiff has not made any showing regarding the

-11-

existence of any element essential to this claim, including actual reliance or that any reliance was reasonable. See <u>John C. Lincoln Hosp. & Health Corp. v. Maricopa County</u>, 208 Ariz. 532, 537, 96 P.3d 530, 535 (Ct. App. 2004). Plaintiff has not presented any evidence that Defendant's alleged promise induced her to forbear purchasing additional travel insurance. Plaintiff has not presented a sworn statement or affidavit to the Court that she suffered any cognizable detriment as a result of her alleged reliance on Defendant's alleged promise. The record does not include an affidavit regarding the "detriment" Plaintiff suffered as a result of her alleged reliant action, i.e., her failure to purchase other insurance which would have paid on a claim. Plaintiff has not established any detriment, i.e., unpaid damages, with regard to any reliant act and, accordingly, Plaintiff has not established that "injustice can be avoided only by enforcement of the promise." Restatement (Second) of Contracts § 90(1). See <u>Employers Reinsurance Corp. v. GMAC Ins.</u>, 308 F. Supp. 2d 1010, 1018 (D. Ariz. 2004) ("Under Arizona law, the prejudice necessary for estoppel must be substantial; the injury must be real and not technical or formal in nature").

Furthermore, it is unclear if, as a matter of state law, Plaintiff may bring a claim based on promissory estoppel where Plaintiff has also asserted the promise was contained in a written contract. See <u>Mann v. GTCR Golder Rauner, L.L.C.</u>, 425 F. Supp. 2d 1015, 1032 (D. Ariz. 2006) ("However, as the Supreme Court of Arizona has clarified, '[t]here can be no

-12-

implied contract where there is an express contract between the parties in reference to the same subject matter.'"); <u>Johnson Int'l, Inc. v. City of Phoenix</u>, 192 Ariz. 466, 474, 967 P.2d 607, 615 (Ct. App. 1998).

**V Conclusion**

Plaintiff did not file an affidavit under Federal Rule of Civil Procedure 56(f) stating the reasons why she could not present facts essential to justify her opposition to summary judgment. See <u>Douglass v. United Auto Workers Local Union 31</u>, 188 Fed. App. 656, 657 (10th Cir. 2006). Plaintiff makes no response to Defendant's argument that her breach of contract claim is barred by the applicable statute of limitations and it appears from the uncontested facts of record that the claim is barred by the statute of limitations. Additionally, Plaintiff presents no admissible evidence that she did rely, to her substantial detriment, on Defendant's alleged promise and, accordingly, Defendant is entitled to judgment as a matter of law on Plaintiff's claim premised on promissory estoppel.

**THEREFORE, IT IS ORDERED THAT** Defendant's motion for summary judgment, Docket No. 65, is **GRANTED**. Judgment **with prejudice** shall be entered against Plaintiff and in favor of Defendant with regard to all of the claim for relief stated in the complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and terminate this case.

-13-

1    DATED this 16th day of August, 2007.

```
                          _____
                                   Mark E. Aspey
                          United States Magistrate Judge
```